IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:16-CV-240-FL

| | |
|---|---|
| ANDREW BRIGGS, ) | |
| ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings [DE-17, -19] pursuant to Fed. R. Civ. P. 12(c). Claimant Andrew Briggs ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of his application for Supplemental Security Income ("SSI") payments. The time for filing responsive briefs has expired and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, it is recommended that Claimant's Motion for Judgment on the Pleadings be allowed, Defendant's Motion for Judgment on the Pleadings be denied, and the matter be remanded to the Commissioner for further proceedings.

### I. STATEMENT OF THE CASE

Claimant protectively filed an application for SSI payments on April 18, 2013, alleging disability beginning February 1, 2009, later amended to April 18, 2013. (R. 44–45, 182–87). The claim was denied initially and upon reconsideration. (R. 78–111). A hearing before an Administrative Law Judge ("ALJ") was held on December 3, 2014, at which Claimant was

represented by counsel, and a vocational expert ("VE") appeared and testified. (R. 41–71). On March 31, 2015, the ALJ issued a decision denying Claimant's request for benefits. (R. 20–40). Claimant then requested a review of the ALJ's decision by the Appeals Council, which after incorporating additional evidence into the record, denied review on July 9, 2016. (R. 1–7). Claimant then filed a complaint in this court seeking review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling*

2

*Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. § 416.920 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. § 416.920a(b)–(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *Id.* § 416.920a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* § 416.920a(e)(3).

### IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant had not engaged in substantial

3

gainful activity since the application date. (R. 25). Next, the ALJ determined Claimant had the severe impairments of diabetes mellitus, degenerative disc disease, hypertension, depression, anxiety, and a history of alcohol dependence. *Id.* However, at step three, the ALJ concluded these impairments were not severe enough to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 25–27). Applying the technique prescribed by the regulations, the ALJ found that Claimant's mental impairments have resulted in mild restriction in activities of daily living, and moderate difficulties in social functioning and concentration, persistence, or pace, with no episodes of decompensation of an extended duration. (R. 26). Prior to proceeding to step four, the ALJ assessed Claimant's residual functional capacity ("RFC"), finding Claimant has the ability to perform medium[1] work with the following limitations:

> claimant can only frequently climb and stoop, and he can frequently handle, finger, and feel with both upper extremities. The claimant can understand, remember, and carry out simple, routine, repetitive tasks, consistent with level one or two in the Dictionary of Occupational Titles ("DOT"). He can have occasional interaction with the general public, coworkers, and supervisors, and he can adapt to routine changes in a non-production work environment.

(R. 27–34). In making this assessment, the ALJ found Claimant's statements about his limitations not entirely credible. (R. 28). At step four, the ALJ concluded Claimant is unable to perform his past relevant work. (R. 34). Nevertheless, at step five, upon considering Claimant's age, education, work experience and RFC, the ALJ determined Claimant is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (R. 35).

Claimant contends (1) the Appeals Council did not properly consider the disability

---

[1] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying objects weighing up to 25 pounds. If an individual can do medium work, he or she can also do sedentary and light work. 20 C.F.R. § 416.967(c).

4

determination of another agency, and (2) the ALJ failed to account for Claimant's moderate limitation in concentration, persistence, or pace in the hypothetical to the VE and RFC. Pl.'s Mem. [DE-18] at 9–17.

## V. DISCUSSION

### A. Consideration of the Medicaid Decision

Claimant contends the Appeals Council failed to properly consider new and material evidence, namely an October 22, 2015 favorable Medicaid decision from the North Carolina Department of Health and Human Services, based on his April 24, 2015 application and disability onset of January 2015. *Id.* at 9–12. The Commissioner counters that remand for further consideration of the Medicaid decision is not warranted because the evidence is not material. Def.'s Mem. [DE-20] at 4–8.

The Appeals Council must consider evidence submitted by a claimant with a request for review "if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 95–96 (4th Cir. 1991), *superseded on other grounds by* 20 C.F.R. § 404.1527; 20 C.F.R. § 404.976(b)(1) (effective to Feb. 4, 2016) ("The Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision."). Evidence is new if it is not duplicative or cumulative, and material if there is a "reasonable possibility that the new evidence would have changed the outcome of the case." *Wilkins*, 953 F.2d at 96. The Appeals Council need not review or consider new evidence that relates only to a time period after the ALJ issues the decision. *See* 20 C.F.R. § 404.976(b)(1) (stating that, on review, "[i]f

5

[a claimant] submit[s] evidence which does not relate to the period on or before the date of the [ALJ] hearing decision, the Appeals Council will return the additional evidence to [the claimant] with an explanation as to why it did not accept the additional evidence and will advise [the claimant] of [his/her] right to file a new application."). Additionally, the Appeals Council need not explain its reason for denying review of an ALJ's decision. *Meyer v. Astrue*, 662 F. 3d 700, 702 (4th Cir. 2011). However, "the Appeals Council must consider new and material evidence relating to that period prior to the ALJ decision in determining whether to grant review, even though it may ultimately decline review." *Wilkins*, 953 F.2d at 95. When the Appeals Council "specifically incorporate[s] [a] Medicaid decision into the record, the remaining task for the court is to 'review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings.'" *Gentry v. Colvin*, No. 2:13-CV-66-FL, 2015 WL 1456131, at *3 (E.D.N.C. Mar. 30, 2015) (quoting *Wilkins*, 953 F.2d at 96).

As an initial matter, the court must determine whether the Appeals Council considered and incorporated the Medicaid decision into the record, or simply determined that it did not relate to the relevant period and thus did not consider it. The Appeals Council stated that it "looked at" the October 22, 2015 Medicaid decision, but concluded it was "about a later time" because the ALJ decided the case through March 31, 2015, and "[t]herefore, it does not affect the decision about whether [Claimant] w[as] disabled beginning on or about March 31, 2015." (R. 2). In contrast to the "looked at" language regarding the Medicaid decision, the Appeals Council also stated that it "*considered* the reasons [Claimant] disagree[d] with the decision in the material listed on the enclosed Order of Appeals Council." *Id.* (emphasis added). The Order of Appeals Council stated that "the Appeals Council has received additional evidence, which it is making part of the record,"

6

consisting of a brief filed by Claimant's attorney, which was incorporated into the record at Exhibit 11E. (R. 6). The brief pre-dates the Medicaid decision and thus does not discuss it, and the Medicaid decision itself is not listed among the evidence the Appeals Council indicated was made a part of the record. *Id.* Notwithstanding, the Medicaid decision appears in the transcript before the court. (R. 8–9).

The court concludes that the Appeals Council did not consider the Medicaid decision. As the Appeals Council stated, it believed this evidence was "about a later time" and would not affect the disability determination for the period at issue. (R. 2). The Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") regarding the Consideration of Additional Evidence by the Appeals Council explains that when the Appeals Council does not consider additional evidence it will "[n]ot exhibit the evidence," will "[a]ssociate a copy of the evidence in the appropriate section of the file," and "[t]he evidence . . . will be included in the certified administrative record if the case is appealed to Federal court." HALLEX § I-3-5-20, htttps://www.ssa.gov/OP_Home/hallex/I-03/I-3-5-20.html. This is precisely what the Appeals Council did in this case. Thus, the fact that the Appeals Council stated that it "looked at" rather than "considered" the Medicaid decision, did not "make part of the record" or "exhibit" the decision, and the decision was found in the Court Transcript Index portion of the record, all support the conclusion that the decision was not considered by the Appeals Council. Accordingly, the court must determine whether the Medicaid decision was new, material, and relates to the period on or before the date of the ALJ's decision. *Wilkins*, 953 F.2d at 95. If so, the Appeals Council erred in failing to consider it, and the matter must be remanded.

The Medicaid decision is not duplicative or cumulative and therefore constitutes "new"

7

evidence, which is conceded by the Commissioner, Def.'s Mem. [DE-20] at 5. The Medicaid decision also relates to a period before the date of the ALJ's decision, because it is based on a disability onset of January 2015 and discusses evidence from June 2013, both prior to the ALJ's decision. (R. 9); *see Perry v. Berryhill*, No. 2:16-CV-00058-D, 2017 WL 3044573, at *3 (E.D.N.C. June 28, 2017) (finding the Medicaid approval was relevant in time because it overlapped the period of time at issue before the ALJ), *adopted by* 2017 WL 3038222 (July 17, 2017); *Gentry v. Colvin*, No. 2:13-CV-66-FL, 2015 WL 1456131, at *3 (E.D.N.C. Mar. 30, 2015) (concluding the date of the Medicaid decision is not determinative and the decision was relevant because it concerned, in part, the time period beginning with the effective date, which was two months prior to the ALJ's decision). Therefore, the Appeals Council erred in finding that the Medicaid decision did not relate to a period before the date of the ALJ's decision. The Commissioner, however, argues that any error by the Appeals Council in this regard was harmless because the Medicaid decision is not material for five reasons: (1) the decision is limited in probative value; (2) the underlying evidence discussed in the decision was not submitted to the Appeals Council; (3) the only evidence mentioned in the Medicaid decision that pre-dates the ALJ's decision was considered by the ALJ; (4) the finding in the decision that Claimant was restricted to sedentary work is not consistent with the ALJ's finding that Claimant had the RFC to perform a limited range of medium work; and (5) the decision provides no explanation regarding the finding that Claimant's onset date was January 2015. Def.'s Mem. [DE-20] at 5–8. The Commissioner's position is without merit.

First, the Commissioner's argument that the decisions of other agencies, like the Medicaid decision, are generally of limited probative value has been rejected by the Fourth Circuit Court of Appeals. In the case of *Bird v. v. Comm'r of Soc. Sec. Admin.*, the court found that although another

8

agency's "decision is not binding on the [Social Security Administration ("SSA"),] . . . under the principles governing SSA disability determinations, another agency's disability determination 'cannot be ignored and must be considered.'" 699 F.3d 337, 343 (4th Cir. 2012) (citing 20 C.F.R. § 404.1504 & S.S.R. 06-03p, 2006 WL 2329939 (Aug. 9, 2006)). The reasoning of *Bird*, which involved a VA disability rating, has subsequently been extended to Medicaid decisions by courts within the Fourth Circuit. *See Perry*, 2017 WL 3044573, at *4 ("Subsequent case law within the Fourth Circuit has explicitly extended the holding in *Bird* to Medicaid decisions, noting that both the Medicaid and VA disability programs share markedly similar standards and requirements with the DIB and SSI programs[.]") (collecting cases). The Commissioner also points out that, for claims filed on or after March 27, 2017, the revised regulation states that

> we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4).

20 C.F.R. § 416.904 (effective Mar. 27, 2017). However, as the Commissioner acknowledges, the revised regulation is not applicable to the instant case, Def.'s Mem. [DE-20] at 7, and therefore *Bird* remains controlling of the court's analysis.

Next, the Commissioner makes three arguments regarding the evidence underlying the Medicaid decision—the Medicaid decision is not material because the underlying evidence it discussed was not submitted to the Appeals Council and supplementation on remand is not warranted, the only evidence mentioned in the Medicaid decision that pre-dates the ALJ's decision was considered by the ALJ, and the decision provides no explanation regarding the finding that

9

Claimant's onset date was January 2015. *Id.* at 7. The favorable Medicaid determination, in and of itself, is material and entitled to consideration under *Bird.* 699 F.3d at 343; *see Trammell v. Berryhill*, No. 1:16CV586, 2017 WL 3671177, at *6 (M.D.N.C. Aug. 24, 2017) (memorandum and recommendation rejecting argument that a Medicaid decision was "too conclusory to warrant meaningful review and explanation."); *Perry*, 2017 WL 3044573, at *4 (rejecting as contrary to *Bird* the Commissioner's argument that "the Medicaid approval is not a 'decision' of another agency which requires consideration because there is no record of any evidence considered by the agency or its reasoning behind a decision to grant Plaintiff Medicaid."). Moreover, the Medicaid decision here articulates a basis for the favorable determination, including the evidence on which the decision relies, citing the same Rules and Regulations utilized by the SSA. (R. 8–9).

The Commissioner is correct that the ALJ considered the June 2013 x-ray showing degenerative changes of the lumbar spine noted in the Medicaid decision and that the decision does not explain why Claimant's onset date was determined to be January 2015. However, there is additional evidence cited in the Medicaid decision from April 2015, post-dating the ALJ's March 31, 2015 decision by no more than one month, which indicates Claimant's degenerative disc disease had drastically worsened, and the decision provides substantial detail regarding its rationale.

> Appellant was seen at the emergency room April 2015 complaining of right-sided neck pain. He stated he had a dull, aching pain with a grinding sensation with movement. He stated that it had been ongoing for several months but had gotten worse such that he came to the emergency room for treatment. He had decreased range of motion in the neck with turn to the right and right lateral bending. An April 2015 x-ray of his cervical spine showed advanced degenerative disc disease at C5-C6; disc bulges and herniations could not be excluded without an MRI.
>
> . . . .
>
> Based on signs and symptoms and his history of degenerative disc disease of the lumbar spine and advanced degenerative disc disease at C5-C6, his allegation of pain

> appears credible. Appellant is 51 years of age and has 11 years of education. Appellant is not presently working and has no relevant past work experience. Appellant is restricted to sedentary work. Appellant meets the disability requirement referenced in 20 CFR 416.920(f), Appendix (2) as Vocational Rule 201.09 being used as a framework directs a finding of "disabled."

(R. 8). The court has previously found evidence submitted to the Appeals Council that post-dated the ALJ's decision by two months required consideration, because "the record is not so persuasive as to rule out any linkage of the final condition of the claimant with his earlier symptoms" and the evidence "could be the most cogent proof of plaintiff's pre-decision disability." *Gentry*, 2015 WL 1456131, at *5 (internal quotation marks omitted) (quoting *Bird*, 699 F.3d at 341). Consideration of such evidence is particularly appropriate here, where the condition at issue is degenerative in nature, objective evidence close in time to the ALJ's decision indicates Claimant's condition had deteriorated to an advanced stage, and there is little objective evidence in the record regarding this condition. *Id.* Although the underlying evidence was not submitted to the Appeals Council, it is detailed in the Medicaid decision (R. 8), and the Commissioner cites no authority for her suggestion that supplementation of the record on remand would not be appropriate. *See* 20 C.F.R. § 416.1476(b)(3) ("If additional evidence is needed, the Appeals Council may remand the case to an administrative law judge to receive evidence and issue a new decision. However, if the Appeals Council decides that it can obtain the evidence more quickly, it may do so, unless it will adversely affect your rights.").

Finally, the inconsistency between the finding in the Medicaid decision that Claimant was restricted to sedentary work and the ALJ's finding that Claimant had the RFC to perform a limited range of medium work does not lessen the materiality of the Medicaid decision. If anything the materiality is heightened given the stark contrast between these determinations made under the same

11

framework and the additional evidence before the Medicaid hearing officer, which may provide the basis for a more restrictive RFC. A salient point from *Mascio v. Colvin*, although specifically addressing the determination of credibility, is equally applicable here: evidence is not to be compared to a predetermined RFC and disregarded when the two conflict, but rather relevant evidence must be considered in formulating the RFC. 780 F.3d 632, 639 (4th Cir. 2015) (finding "the ALJ [] should have compared Mascio's alleged functional limitations from pain to the other evidence in the record, not to Mascio's residual functional capacity."). Accordingly, the inconsistency between the Medicaid determination and the ALJ's decision does not render the Medicaid determination immaterial.

In sum, the Appeals Council erred in failing to consider the Medicaid decision because it incorrectly concluded that the decision did not relate to a period before the date of the ALJ's decision. The Medicaid decision was new, relevant to the period at issue in the ALJ's decision, and material such that there is a "reasonable possibility that the new evidence would have changed the outcome of the case." *Wilkins*, 953 F.2d at 96. Accordingly, it is recommended that the matter be remanded for the Appeals Council to fully consider the Medicaid decision in determining whether to grant review.

B.  **Maintaining Concentration, Persistence, or Pace**

Claimant contends the ALJ failed to account for his moderate limitation in concentration, persistence, or pace in the hypothetical to the VE and resulting RFC, specifically arguing that the limitation to "simple, routine, repetitive tasks consistent with level one or two in the [DOT] . . . in a non-production work environment" was insufficient. Pl.'s Mem. [DE-18] at 13–17. The Commissioner counters that the ALJ's mental RFC finding adequately accommodates Claimant's

moderate difficulties in this area. Def.'s Mem. [DE-20] at 9–12.

The ALJ may utilize a VE at steps four and five "to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform." *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). In order for a VE's opinion to be "relevant or helpful," it must be given in response to a proper hypothetical question. *Id.* A proper hypothetical question "fairly set[s] out all of claimant's impairments" that are supported by the record. *Id.*; *Russell v. Barnhart*, 58 F. App'x 25, 30 (4th Cir. 2003) (per curiam) (holding the ALJ's hypothetical question "adequately contemplated all of [claimant's] impairments and resulting limitations" as evidenced by the record). In other words, the hypothetical to the VE must be based on an accurate RFC. *See Massey v. Colvin*, No. 1:13-CV-965, 2015 WL 3827574, at *7 (M.D.N.C. June 19, 2015) ("VE testimony as to the existence of jobs will constitute substantial evidence in support of the ALJ's decision if it is in response to a hypothetical question based on an accurate RFC.") (citing *Walker*, 889 F.2d at 50–51).

In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitation in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). The court explained that "the ability to perform simple tasks differs from the ability to stay on task" and that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court also indicated that there could be instances where a limitation in concentration, persistence, or pace does not affect the Claimant's ability to work and would be appropriately excluded from the RFC. *Id.* In such circumstances, however, an explanation from the ALJ is

required. *Id.*

Here, in assessing Claimant's ability to maintain "concentration, persistence, or pace," the ALJ found Claimant demonstrated moderate difficulties. (R. 26). As a result, in the hypothetical to the VE and RFC, the ALJ imposed the following relevant restrictions: perform simple, routine, repetitive tasks, consistent with level one or two in the DOT; have occasional interaction with the general public, coworkers, and supervisors; and adapt to routine changes in a non-production work environment. (R. 27). The ALJ did not simply limit Claimant to simple, routine, repetitive tasks, as was the case in *Mascio*, but also imposed limitations on Claimant's contact with the public, co-workers, and supervisors and the frequency in changes of work duties. *Id.* The court has previously determined that such limitations were adequate to address a claimant's reduced ability to sustain focus and concentration. *See Pridgen v. Colvin*, No. 4:15-CV-00095-F, 2016 WL 4047058, at *7 (E.D.N.C. June 30, 2016) (citing *Reiser v. Colvin*, No. 5:14-CV-850-FL, 2016 WL 1183092, at *8 (E.D.N.C. Mar. 28, 2016)), *adopted by* 2016 WL 4046763 (July 27, 2016); *Tanner v. Colvin*, No. 4:15-CV-27-FL, 2016 WL 626493, at *11 (E.D.N.C. Jan. 26, 2016) (collecting cases), *adopted by* 2016 WL 617431 (Feb. 16, 2016). Accordingly, the ALJ sufficiently accounted for Claimant's moderate limitation in the ability to sustain concentration, persistence, or pace in the hypothetical to the VE and RFC determination.

## VI. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Claimant's Motion for Judgment on the Pleadings [DE-17] be ALLOWED, Defendant's Motion for Judgment on the Pleadings [DE-19] be DENIED, and the matter be remanded to the Commissioner for further proceedings.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each

of the parties or, if represented, their counsel. Each party shall have until **September 13, 2017** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed within **7 days** of the filing of the objections.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

SUBMITTED, this the 30th day of August 2017.

Robert B. Jones, Jr.
United States Magistrate Judge